FILED
SUPERIOR COURT
OF GUAM

2018 FEB 22 PM 2: 28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | Superior Court Case No. <u>CM0191-17</u> |
|---|---|
| Plaintiff, | **DECISION AND ORDER** |
| vs. | **re** |
| | **MOTION IN LIMINE TO EXCLUDE** |
| WILLIAM A. REYES, | **IRRELEVANT AND UNDULY** |
| | **PREJUDICIAL EVIDENCE** |
| Defendant. | |

Defendant William A. Reyes seeks to exclude all evidence regarding the criminal action against his brother, *People v. Juan Aguon Reyes*, CM0408-16. The Court heard arguments on the matter on February 16, 2018, at which time it took the motion under advisement.[1] Having considered the parties' arguments and applicable law, the Court now issues the following Decision and Order DENYING the Motion in Limine.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In CM0408-16, Reyes' brother, Juan Aguon Reyes, had been charged with four counts of Fourth Degree Criminal Sexual Conduct and Harassment against E.R.P., a minor child in the Perkins family. Following that charge, E.R.P.'s parents initiated a civil action against Reyes. *Perkins et al. v. Reyes*, CV604-16. The Perkins claimed that Reyes intimidated members of their family and verbally threatened Timothy Perkins. CV604-16 Finds. Fact. & Concls. Law at 4-9.

---

[1] Defendant William A. Reyes was present and represented by Attorney Daniel Somerfleck; Assistant Attorney General Christine Tenorio represented the People of Guam.

ORIGINAL

The Court issued a Third Reissued Order of Temporary Restraint[2] which required that Reyes not harass, intimidate communicate, threaten, trespass, or come within 500 feet of the person or property of Candice Perkins, Timothy Perkins and their immediate family. *Perkins v. Reyes*, CV0604-16 (Third Reissued Order of Temporary Restraint (Oct. 21, 2016)). The Court later issued a preliminary injunction. *Perkins v. Reyes*, CV0604-16 (Finds. Fact. & Concl. Law (Jan 5, 2017)). The Court found that the instances of harassment to E.R.P. and her family, the alleged victim and witnesses in CM0408-16, undermined the effective prosecution of CM0408-16. Finds. Fact. & Concl. Law at 11.

In this case, Reyes has been charged with three counts of Violation of a Court Order (as a Misdemeanor). Compl. (Mar. 28, 2017). The Complaint alleges that Reyes knowingly violated the Third Reissued order of Temporary Restraint. Compl. (Mar. 28, 2017).

Reyes brings this Motion in Limine seeking to exclude all evidence of CM0408-16 for lack of relevance and unfair prejudice due to the nature of the charges against his brother. Mot. Limine to Exclude Irrelevant and Unduly Prejudicial Evidence (Oct. 4, 2017). In opposition, the People argue the jury should know why the Perkins family obtained the protective order against Reyes. Opp'n Mot. at 1 (Oct. 6, 2017). The People further contend evidence of CM0408-16 does not prejudice Reyes because the criminal sexual conduct charges are against Reyes' brother, not Reyes. *Id.* at 2.

## II.   APPLICABLE LAW

### A. Evidence of CM0408-16 is Relevant

The foremost consideration in assessing admissibility is relevance since "[a]ll relevant

---

[2] In this order, the Court held the earlier Order of Temporary Restraint (July 29, 2016), First Reissued Order of Temporary Restraint (August 15, 2016) and Second Reissued Order of Temporary Restraint (September 12, 2016) remained in effect and were amended to conform with the Third Reissued Order of Temporary Restraint.

ORIGINAL

evidence is admissible . . . [and] [e]vidence which is not relevant is not admissible." GRE 402.

Relevant evidence is evidence "having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence." GRE 401.

The Court finds that admission evidence of CM0408-16 brings context to why Reyes was

ordered to stay away from the Perkins family. The Third Reissued Order of Temporary Restraint

protected the victim of CM0408-16 and her family. Evidence of CM0408-16 illustrates what

probable motive Reyes may have in violating the court order. Harassing the Perkins family, in

spite of the court's protective order, can be construed as a way to intimidate the Perkins family to

withdraw their civil complaint or to drop charges against the brother. Also, CM0408-16 gives

context to the fear and intimidation the Perkins family felt. The Court issued the protective order

to shield the Perkins family from intimidating interactions with Reyes, specifically after

CM0408-16 was initiated. Since CM0408-16 prompted the Perkins to file CV604-16, the People

can demonstrate that Reyes' contacts with the Perkins family indicates a pattern of intimidation

rather than isolated, unrelated coincidences. Thus, the Court finds that evidence of CM0408-16

is relevant because it permits probable inferences as to Reyes' motive to violate the Court's order

and the history of why the Perkins family sought protection from Reyes.

**B. Evidence of CM0408-16 is Not Unfairly Prejudicial**

"Although relevant, evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice." GRE 403. Thus, upon a finding of relevance the

Court must still apply a balancing test to determine if the probative value of the CM0408-16 case

is substantially outweighed by any unfair prejudice it may cause Reyes.

The Court acknowledges that permitting evidence of CM0408-16 gives probative context

ORIGINAL

to the history between the Reyes and Perkins families. Both parties admit they had no real relationship prior to CM0408-16. Finds. Fact & Concl. Law at 9 ("The Parties agreed that prior to the filing of charges in CM0408-16, they knew of each other in a casual sense but had very limited interactions or contact with each other"). Since the court order against Reyes stems from his brother's criminal case, CM0408-16 gives context to the alleged violation as potential victim and witness intimidation.

However, Reyes argues that this probative value is substantially outweighed by the danger of unfair prejudice. However, Reyes is not the defendant in CM0408-16. No implication associated with misdemeanor level criminal sexual conduct crimes is placed upon Reyes. Further, any such implication can be cured by an instruction that Reyes is not the defendant in CM0408-16. Thus, the Court finds any prejudice stemming from evidence referencing CM0408-16 does not substantially outweigh its probative value.

## III.    CONCLUSION AND ORDER

Evidence of CM0408-16 is highly relevant to Reyes' alleged violation since it gives context to the relationship and legal history between Reyes and the Perkins family. The probative value of such context is not substantially outweighed by the minimal prejudice caused to Reyes. Thus, Reyes' Motion in Limine to Exclude Irrelevant and Unduly Prejudicial Evidence is hereby DENIED.

SO ORDERED this 22nd day of February 2018.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of: AG, Sonia Fleck

Date: 2/22/18    Time: 2:30

Deputy Clerk, Superior Court of Guam

ORIGINAL